IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Detavia Shontas Baker, | ) | Case No. 8:25-cv-06997-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Alexis Graham, Nicole Wyngate, Anderson County PD, Anderson City PD, Eric Mosley, Cepeda Dennis, Ashton Payne, Bailey Johnson, Sheila Mosley, Kisha Davis Irvin, Clerk of Family Court, Casey Arflin, Sandrina Foster, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court upon Plaintiff's amended complaint alleging violations of her civil rights. ECF No. 36. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings and a Report and Recommendation ("Report"). On November 20, 2025, the Magistrate Judge issued a Report recommending that this action be dismissed without leave to amend and without issuance and service of process. ECF No. 38. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff filed objections to the Report.[1] ECF No. 42.

---

[1] Also before the Court is Plaintiff's motion for protective order. ECF No. 12. This motion will be addressed below.

## **APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## **ANALYSIS**

As an initial matter, the Court finds that the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference. The Magistrate Judge recommends summary dismissal of Plaintiff's complaint because the *Rooker-Feldman*[2] doctrine applies, abstention is appropriate

---

[2] The *Rooker-Feldman* Doctrine gets its name from two cases decided by the United States Supreme Court finding that the district court lacks subject matter jurisdiction over cases brought by state-court losers complaining of injuries caused by state-court judgments where the district court is requested to review and reject those judgments. *See Dist. Of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).

under *Younger*,[3] Defendants are entitled to dismissal, and because Plaintiff failed to state a viable claim.  Because Plaintiff filed objections, the Court's review has been de novo.

In her objections, Plaintiff does not directly address the findings within the Report. Instead, she states that summary dismissal "would ignore substantial evidence, newly identified defendants, and the continued risk and harm to my children."  ECF No. 42 at 1. She further states that she has identified over 60 new defendants and dismissal would, therefore, be premature and unjust.  She continues that the Report "fails to consider the ongoing nature of the harm, which directly impacts [her] standing and the necessity for judicial intervention."  *Id.*  Plaintiff contends that she has "substantial documentation," that she maintains her right to amend the complaint, and that dismissal would violate her right to fully present her case.  *Id.*

Upon review of the Report, the record, and the applicable law, the Court agrees with the recommendation of the Magistrate Judge.  As to Plaintiff's claims related to rulings already made by the South Carolina family court, the *Rooker-Feldman* doctrine is applicable because Plaintiff is attempting to circumvent state court rulings.  *Rooker-Feldman* applies to cases that possess four characteristics: (1) "brought by state-court losers"; (2) "complaining of injuries caused by state-court judgments"; (3) "rendered before the district court proceedings commenced"; and (4) "inviting district court review and rejection of those judgments."  *T.M. v. Univ. of Md. Med. Sys. Corp.*, 139 F.4th 344,

---

[3] In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances."  *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996).

3

350 (4th Cir. 2025). Here, all of the criteria are met. With respect to any claims related to currently pending South Carolina family court proceedings, the *Younger* abstention applies. The *Younger* abstention may apply in noncriminal proceedings when three elements are met: (1) ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Brown-Thomas v. Hynie*, 441 F. Supp. 3d 180, 219 (D.S.C. 2019) (citing *Martin Marietta Corp. v. Md. Comm'n on Hum. Rels.*, 28 F.3d 1392, 1398 (4th Cir. 1994)). Here, all of the criteria are met and abstention is appropriate. Finally, the Court agrees with the Magistrate Judge that Defendants are entitled to dismissal for failure to make personal allegations of wrongdoing[4] and that this action is subject to dismissal for failure to state a plausible claim upon which relief can be granted.

In the objections, Plaintiff may assert that she should be given an opportunity to amend her complaint. ECF No. 23 at 4, 5. However, Plaintiff has already been given an opportunity to file an amended complaint. Further, the Court finds that any amendment would be futile for the reasons provided herein. *See Cobb v. South Carolina,* No. 2:13-CV-02370-RMG, 2014 WL 4220423, at *3 (D.S.C. Aug. 25, 2014) (denying a motion to amend the complaint where such amendment would be futile). Therefore, Plaintiff's request is denied.

---

[4] Further, as explained in more detail by the Magistrate Judge, several Defendants are not state actors or persons amenable to suit under § 1983 and some Defendants are entitled to judicial immunity.

4

Finally, Plaintiff's motion for protective order is before the Court. The Magistrate Judge construed this motion as a motion for injunction. He recommends that the motion be denied because this action is subject to dismissal and because Plaintiff fails to demonstrate she is entitled to relief upon review of the *Winter*[5] factors. Here, the Court agrees that Plaintiff cannot satisfy any of the *Winter* factors. Thus, her motion is denied.

## CONCLUSION

Accordingly, upon de novo review of the record, the Report, and the applicable law, the Court agrees with the recommendation of the Magistrate Judge. This action is **DISMISSED** without prejudice, without issuance and service of process, and without further leave to amend. Plaintiff's motion for protective order [12] is **DENIED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

January 13, 2026
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[5] In *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008), the Supreme Court set forth the following factors to be considered in granting a preliminary injunction: 1) the likelihood of success on the merits; 2) whether irreparable harm will result if the injunction is not granted; 3) the balance of equities; and 4) whether the injunction is in the public interest.